IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REGINALD T. DONNELL #00281760, | ) |
| Petitioner, | ) |
| | ) NO. 3:20-cv-00360 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| RUSSELL WASHBURN, Warden, | ) |
| Respondent. | ) |

# MEMORANDUM OPINION

Reginald T. Donnell, a state prisoner, filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. Nos. 1, 1-1.) Respondent filed a Motion to Dismiss the Petition as untimely (Doc. Nos. 17, 17-1) and Petitioner filed a Response.[1] (Doc. No. 19.) For the following reasons, the Motion to Dismiss will be granted and this action will be dismissed.

**I.   Background**

In September 1998, a Wilson County jury found Petitioner guilty of two counts of second-degree murder. (Doc. No. 16-1 at 83–84.) The trial court sentenced Petitioner to a term of 25 years' imprisonment on each count, to be served consecutively. (*Id.*) On November 30, 2000, the Tennessee Court of Criminal Appeals (TCCA) affirmed the judgment. *State v. Donnell*, No. M1999-02184-CCA-R3-CD, 2000 WL 1763685 (Tenn. Crim. App. Nov. 30, 2000). Petitioner did not request permission to appeal to the Tennessee Supreme Court.

Petitioner did not file a state post-conviction petition or state habeas corpus petition for many years. In February 2018, however, he filed a pro se state habeas corpus petition. (Doc. No.

---

[1] The Response is unsigned, so the Court need not consider it in its current form. *See* Fed. R. Civ. P. 11(a) (explaining that every paper filed by a pro se party much be personally signed). Even so, the substance of the Response does not alter the Court's conclusion.

16-8 at 3–17.) The state court summarily denied relief. (*Id.* at 18–19.) The TCCA affirmed, and the Tennessee Supreme Court denied discretionary review on September 18, 2019. *Donnell v. Washburn*, No. M2018-00706-CCA-R3-HC, 2019 WL 2082138 (Tenn. Crim. App. May 13, 2019), *perm. app. denied* Sept. 18, 2019.

On April 22, 2020, Petitioner filed a habeas corpus petition in this Court by declaring under penalty of perjury that he placed it in the prison mailing system on that date. (Doc. No. 1 at 11); *Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (citation and footnote omitted).

**II.     Analysis**

There is a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This period runs from the latest of four dates, two of which are relevant here.[2] *Id.* Under subsection (A), the period begins on the date that "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). And under subsection (C), it begins on the date that "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2244(d)(1)(C). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "Tolling, though, 'can only serve to pause a clock that has not yet fully run'; it does not 'revive the limitations period' or 'restart the clock at zero.'" *Eberle v. Warden, Mansfield*

---

[2] Petitioner makes a conclusory assertion that the statute of limitations is unconstitutional as applied to his case. (Doc. No. 1 at 10.) Because Petitioner does not explain this argument whatsoever, it does not provide a basis to exclude Petitioner from the statute's reach. It is well-established that the statute applies to federal habeas corpus petitions filed after the statute's effective date of April 24, 1996. *Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

*Corr. Inst.*, 532 F. App'x 605, 609 (6th Cir. 2013) (quoting *Vroman v. Brigiano*, 346 F.3d 598, 602 (6th Cir. 2003)).

### A. Subsection (A)

On November 30, 2000, the TCCA affirmed Petitioner's judgment on direct appeal. Petitioner then had 60 days to file an application for permission to appeal to the Tennessee Supreme Court. Tenn. R. App. P. 11(b). He did not do so. Thus, Petitioner's direct appeal concluded, and his judgment became final, when the period to file that application expired, on January 29, 2001. 28 U.S.C. § 2244(d)(1)(A). The one-year period to file a federal habeas corpus petition started running the next day, Fed. R. Civ. P. 6(a)(1)(A), resulting in a federal habeas deadline of January 30, 2002. Petitioner did not file his federal habeas petition until April 2020. And the state habeas petition filed in February 2018 did not "restart the clock at zero." *See Eberle*, 532 F. App'x at 609 (quoting *Vroman*, 346 F.3d at 602). Accordingly, under subsection (A) of the statute of limitations, Petitioner's federal habeas petition is untimely by over 18 years

### B. Subsection (C)

Liberally construing Petitioner's Response to the Motion to Dismiss, it appears that he may also be attempting to rely on subsection (C). (*See* Doc. No. 19 at 3 (stating that a "new rule of constitutional law . . . retroactively" applies "to his case").) To restate, the limitations period starts running under subsection (C) on the date that "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Petitioner references *Miller v. Alabama*, 567 U.S. 460 (2012), (Doc. No. 19 at 3), a Supreme Court case holding "that a mandatory sentence of life without parole for an individual under the age of eighteen violates the Eighth Amendment's prohibition against cruel and unusual

3

Case 3:20-cv-00360  Document 20  Filed 08/02/21  Page 3 of 6 PageID #: 714

punishment."[3] *Carter v. Horton*, No. 19-2080, 2020 WL 1320642, at *1 (6th Cir. Feb. 7, 2020) (citing *Miller*, 567 U.S. at 465). Petitioner also references *Montgomery v. Louisiana*, 577 U.S. 190 (2016) (Doc. No. 19 at 3), which "made *Miller* retroactive to cases on collateral review." *Carter*, 2020 WL 1320642, at *2 (citing *Montgomery*, 577 U.S. at 212). For a federal habeas claim relying on subsection (C) to obtain relief under *Miller*, however, the limitations period starts running on the date *Miller* was decided—June 25, 2012. *Id.*; *see also Turner v. Burton*, No. 19-1966, 2020 WL 901446, at *2 (6th Cir. Feb. 7, 2020) (citing *Dodd v. United States*, 545 U.S. 353, 358–59 (2005)) ("[U]nder [subsection (C)], the limitations period would have commenced when *Miller* was decided, not when *Montgomery* made *Miller* retroactively applicable to cases on collateral review."). Petitioner had one year from that date to file a federal habeas petition. Again, he did not file a federal petition until April 2020, and his February 2018 state petition did not "restart the clock at zero." *See Eberle*, 532 F. App'x at 609 (quoting *Vroman*, 346 F.3d at 602). Accordingly, Petitioner's federal habeas petition is untimely under subsection (C) by nearly 7 years.

### C. Equitable Tolling

The "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly." *Hall v. Warden,*

---

[3] The evidence presented at trial showed that Petitioner was 19 when he committed the offenses of conviction. *Donnell*, 2000 WL 1763685, at *11. It is therefore unclear how *Miller* has any bearing on his sentence.

4

*Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

Here, Petitioner states that any untimely filing is due to restricted library access and legal assistance at his current place of confinement. (Doc. No. 1 at 10.) But the Sixth Circuit has held that a prisoner's "pro se status and limited law-library access" are not "extraordinary circumstances." *See Hall*, 662 F.3d at 751. And any difficulties Petitioner is facing at his current place of confinement do not explain why he missed the federal habeas deadline by such a large amount of time—over 18 years based on subsection (A), and nearly 7 years based on subsection (C). Such a lengthy delay does not reflect diligence on Petitioner's part, and is well beyond an amount of time that the Sixth Circuit has previously deemed to be "excessive and inappropriate for the application for equitable tolling." *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463–64 (6th Cir. 2012) (citing *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011)) (finding that a habeas petitioner's delay of 3 years in pursuing post-conviction relief reflected a lack of diligence); *Robinson*, 424 F. App'x at 443 (citations omitted) ("[T]his Court has never granted equitable tolling to a petitioner who say on his rights for a year and a half."). Accordingly, Petitioner has not established that equitable tolling applies.

D.  **Actual Innocence**

The Court also notes that a credible assertion of actual innocence may serve as a gateway to review the merits of otherwise untimely claims. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). However, this gateway "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This "actual innocence

5

exception should remain rare and only be applied in the extraordinary case." *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 324) (internal quotation marks omitted).

Here, Petitioner does not present any new evidence of his innocence, so he cannot rely on this gateway to gain consideration of his claims.

### III. Conclusion

For these reasons, the Petition is untimely and is not subject to an equitable exception. Respondent's Motion to Dismiss (Doc. No. 17) will be granted, the Petition will be denied, and this action will be dismissed.

Because this constitutes a "final order adverse to" Petitioner, the Court must grant or deny a certificate of appealability. Habeas Rule 11(a). A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons stated throughout the Court's analysis, jurists of reason would not disagree that the Petition is barred by the statute of limitations. The Court will therefore deny a certificate of appealability.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE